

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed December 19, 2012**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AMERICAN HOUSING FOUNDATION, | § | CASE NO. 09-20232-rlj-11 |
| | § | |
| DEBTOR. | § | |
| | § | |
| WALTER O'CHESKEY, TRUSTEE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 11-02031 |
| | § | |
| REPUBLIC TITLE OF TEXAS, INC., JOHN DOES 1-50, ABC ENTITIES 1-50, DALLAS HOWELL MCKINNEY, LLC, PHILLIP E. COBB, and AHF DEVELOPMENT, LTD., | § | |
| | § | |
| DEFENDANTS. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Phillip E. Cobb ("Cobb") filed his motion for final summary judgment [Docket No. 47] in the above-styled adversary proceeding, which arose from the underlying American Housing Foundation ("AHF") bankruptcy case. Walter O'Cheskey, as Liquidating Trustee under AHF's confirmed chapter 11 plan ("Trustee"), filed this adversary proceeding against several

defendants, including Cobb, seeking to recover $236,878.72 through the avoidance of the alleged transfer of such amount from AHF to (or through) AHF Development, Ltd., to Defendant Republic Title of Texas, Inc. ("Republic Title"), and ultimately to Cobb—for the apparent benefit of Defendant Dallas Howell McKinney, LLC ("DHM"). Cobb seeks summary judgment on his defense that Trustee cannot recover from him because he was not the initial transferee or a person for whose benefit the transfer was made and that he took in good faith and for value.

Upon consideration of the pleadings, the summary judgment evidence, and the arguments of counsel, the Court finds that the motion should be denied.

### Background

According to the parties' pleadings, Cobb and DHM entered into an agreement for the sale of real property that closed on February 15, 2007. At closing, Cobb transferred the subject property by deed to DHM; DHM made a down payment of approximately $400,000 to Cobb, with a seller-financed promissory note comprising the remaining two million dollars of the sale price. From AHF Development, Ltd.'s account, the $236,878.72 in question here was wired to Republic Title and used to cover a portion of DHM's down payment. The summary judgment evidence does not explain why AHF or AHF Development, Ltd. provided funds for DHM's use in closing the sale.

### Discussion

1. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). On a summary judgment motion, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255. A factual dispute bars summary judgment when the disputed fact is determinative under governing law of the issue before the court. *Id.* at 250. The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows that there is no genuine issue of material fact. *Celotex*, 477 U.S. at 322. The respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

2.  Initial Transferee

Trustee contends that Cobb was the initial transferee under the applicable statutory provisions—11 U.S.C. §§ 548(c) and 550(a)-(b)—because AHF Development, Ltd. was a conduit bank account for AHF and Republic Title was a *mere* conduit. *See* Trustee's Amended Brief in Opposition to Defendant's Motion for Final Summary Judgment [Docket No. 62], at 15. While Trustee alleges that it is "the law of the case" that AHF Development, Ltd. was no more than a conduit bank account, the Court has made no such determination for the time period in question. Factual issues therefore remain as to whether AHF Development, Ltd. was the initial transferee. In addition, at the hearing on the motion, Cobb's attorney argued that Republic Title *must* be deemed to have held the funds in question *for DHM*. This assumes that Republic Title would only release the funds to Cobb if DHM directed it to do so and the conditions of the sale were satisfied. As a result, upon a full airing of the facts, an inference may possibly be made that

DHM was a transferee that precedes Cobb.

Genuine issues of fact remain regarding whether AHF Development, Ltd. and DHM were transferees; Cobb's motion for summary judgment will be denied.

SO ORDERED.

### End of Memorandum Opinion and Order ###